ams
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff/Respondent,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 03-40094-JAR |
| **JASON BROWN,** ) | |
| a.k.a. "Hector Burgos," ) | |
| ) | |
| **Defendant/Petitioner.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On July 12, 2004, defendant Jason Brown, a.k.a. Hector Burgos, pled guilty to Count 1 of the Indictment, which charged possession of cocaine hydrochloride with intent to distribute under 21 U.S.C. § 841(a). Defendant was sentenced to a 70-month term of custody on October 19, 2005, which was stayed pending a ruling on his appeal. Defendant was allowed to remain on bond and voluntarily surrender for service of his sentence upon notification by the United States Probation and Pretrial Services Office.[1] The Tenth Circuit Court of Appeals issued its mandate affirming defendant's conviction on May 25, 2007. Through an apparent administrative oversight, defendant was not designated to report to a Bureau of Prisons facility until November 2008. Defendant failed to appear at the designated facility when ordered to do so and did not begin serving his sentence until his arrest on March 31, 2009.[2]

This matter is before the Court on defendant's Petition for Writ of Audita Querela (Doc.

---

[1](Doc. 63 at 2.)

[2]This date is provided by defendant in his motion.

78). "[A] writ of audita querela is used to challenge 'a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition.'"[3] Fed. R. Civ. P. 60(b) abolished the writ in civil cases and the Tenth Circuit has not determined whether a prisoner may seek a writ of audita querela under the All Writs Act in the criminal context.[4] The Tenth Circuit has made clear, though, that "a writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255."[5]

The basis for defendant's motion is that the Court should evaluate certain sentencing factors under the guidance of *United States v. Booker*,[6] and under *United States v. Gall*[7] and *United States v. Kimbrough*,[8] United States Supreme Court decisions that were decided after his appeal was decided and before he was designated to a facility to begin serving his sentence. Defendant did not file a motion pursuant to § 2255 and argues that he could not have filed a habeas motion because *Gall* and *Kimbrough* were not decided during the one-year statute of limitations that began when his direct appeal was decided and expired while he was waiting to be designated.[9] But § 2255 is "the exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective."[10] Defendant has not identified a reason why a

---

[3]*United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (quoting *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991)).

[4]*Id.* (citing *Reyes*, 945 F.2d at 865 (collecting cases)).

[5]*Id.* at 1245 (citations omitted).

[6]543 U.S. 220 (2005).

[7]552 U.S. 38 (2007).

[8]552 U.S. 85 (2007).

[9]*See* 28 U.S.C. § 2255(f) (imposing a 1-year statute of limitations from the date the judgment became final).

[10]*Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965).

habeas petition under § 2255 is inadequate to address the issues identified in his motion, aside from the fact that he failed to file such a motion within the statute of limitations.

Even if the Court were to proceed to consider the merits of defendant's motion, he would not be entitled to relief.  In *Booker*, the Supreme Court deemed the United States Sentencing Guidelines advisory and explained that sentencing courts must now consider them along with the sentencing goals set forth in 18 U.S.C. § 3553(a).[11]  However, *Booker* was decided on January 12, 2005, prior to defendant's sentencing in the instant matter so the Court did apply this case when it sentenced defendant on October 19, 2005.

*Kimbrough* considered the United States Sentencing Guidelines' 100-to-1 ratio for crack cocaine versus powder cocaine sentences.  The Court determined that a district court may conclude that the disparity in sentences—with crack cocaine sentences being significantly higher than powder cocaine sentences—yields a sentence for crack cocaine "greater than necessary" under the sentencing statute.[12]  This case has not been made retroactive and, even if it was retroactive, would not apply to this defendant because he was sentenced for possession with intent to distribute <u>powder</u> cocaine.

Finally, *Gall* clarified the standard of review for appellate courts post-*Booker*.[13]  The Court held that appellate courts should review the reasonableness of a sentence that is imposed outside the advisory Guidelines range for abuse-of-discretion, rather than some other heightened

---

[11]*Booker*, 543 U.S. at 259.

[12]*Kimbrough*, 552 U.S. at 110.

[13]*Gall*, 552 U.S. at 46.

standard.[14]  *Gall* has not been made retroactive, and even if it was retroactive, it would not provide relief for defendant because he did not appeal or collaterally challenge his sentence in this matter.  Furthermore, defendant was sentenced to a term of custody within the advisory Guidelines range, so *Gall* would not have had an impact on any appellate review of his sentence.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Petition for Writ of Audita Querela (Doc. 78) is **denied**.

**IT IS SO ORDERED.**

Dated: July 29, 2010

                                           S/ Julie A. Robinson
                                           JULIE A. ROBINSON
                                           UNITED STATES DISTRICT JUDGE

---

[14]*Id.* at 51.